UNITED STATES DISTRICT COURT
IN THE EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

---

JOSEPH W. ZEITZ,

    Plaintiff,

-vs-

CITY OF GLADWIN and
CHRISTOPHER SHANNON, individually
and in his Official Capacity as City Administrator
of the City of Gladwin,

    Defendants.

_____/

SMITH BOVILL, P.C.
ERRICK A. MILES (P78757)
*Attorneys for Plaintiffs*
200 St. Andrews Road
Saginaw, MI  48638
(989) 792-9641
*emiles@smithbovill.com*

_____/

Case No.: 24-cv-

Hon. Thomas L. Ludington

**ORIGINAL**

## PLAINTIFF'S COMPLAINT AND JURY DEMAND

*There is no other civil action between these parties arising out of the same transaction or occurrence as alleged in the Complaint pending in this Court, nor has any such action been previously filed and dismissed or transferred after having been assigned to a judge.*

/s/ Errick A. Miles
_____

## PLAINTIFF'S COMPLAINT

NOW COMES Plaintiff, JOSEPH W. ZEITZ, by and through his attorneys, SMITH BOVILL, P.C., and for his Complaint against the above-named Defendants states as follows:

## PARTIES

1. Plaintiff, JOSEPH ZEITZ, is an individual residing in Gladwin, Michigan.

2. Defendant, CITY OF GLADWIN, is a governmental entity and political subdivision of the State of Michigan, located in Gladwin County, Michigan.

3. Defendant, CHRISTOPHER SHANNON, is an individual who, upon information and belief, resides in the County of Gladwin, State of Michigan. Defendant SHANNON is being sued in this action in his official and individual capacities.

4. At all times pertinent hereto, Defendant SHANNON was acting "under color of law" as the City of Gladwin Administrator.

## JURISDICTION AND VENUE

5. The events giving rise to the present causes of action occurred in Gladwin County, Michigan.

6. This is a civil action brought pursuant to 42 USC §1983 seeking declaratory and injunctive relief and money damages against Defendants for purposeful retaliation under color of law, in violation of the First Amendment to the United States Constitution, among other authorities.

7. This Honorable Court has jurisdiction pursuant to 28 USC §1331 and §1343(a). Jurisdiction for the declaratory relief is also proper pursuant to 28 USC §2201 and §2202.

8. Venue is proper in the Eastern District of Michigan pursuant to 28 USC §1391(b).

## GENERAL ALLEGATIONS

9. Plaintiff adopts and incorporates by reference each of the preceding paragraphs as though stated herein in their entirety.

10. Plaintiff is a long-time employee of Defendant GLADWIN.

11. In or around September 2022, Plaintiff took medical leave for a disability. Plaintiff was cleared to return to work by his primary care physician on or about April 2, 2023. Plaintiff had submitted his medical documentation to his supervisor and was ready, willing and able to return to work.

12. Defendants refused to accept Plaintiff's return-to-work documentation and required him to have an examination done by another physician. Gladwin's physician also cleared Plaintiff to return to work without any restrictions. For reasons unknown, Gladwin would not allow Plaintiff to return to work until June 1, 2023.

13. Despite being able to return to work on April 2, 2023, he was not permitted to and, as such, Plaintiff is entitled to pay for the period between April 2, 2023, and June 1, 2023, when he was finally permitted to return to work by Defendants.

14. After requesting backpay for the time off in which Plaintiff was ready, willing and able to work, Defendants issued a disciplinary citation for "insubordination" and was threatened with termination by Defendants.

15. In retaliation for Plaintiff being off of work for a medical issue, Defendants also refused to allow Plaintiff to "cash in" his accumulated overtime of 120 hours.

16. Plaintiff filed his Charge of Discrimination with the EEOC and was issued a *Right to Sue* letter on or about October 4, 2024. (See **Exhibit A**).

17. Additionally, Plaintiff has a political sign attached to his vehicle in which he advocates for citizens to vote for four (4) new board members for the City of Gladwin. A picture of the political sign is attached hereto as **Exhibit B**.

18. Upon information and belief, Defendants herein do not support the candidates that are listed on Plaintiff's political sign.

19. On or about Wednesday, October 23, 2024, Plaintiff hand delivered a Freedom of Information Act request to the City of Gladwin. At that time, Plaintiff parked in front of the city's building, as shown in the picture attached hereto as **Exhibit C**.

20. The following day, on October 24, 2024, Defendant SHANNON formally reprimanded Plaintiff for "election interference" by parking near the ballot drop-off receptacle. As shown in **Exhibit C**, Plaintiff was not blocking access to the ballot drop-off receptacle and was in no way interfering with any citizens' rights to utilize same. Yet, Defendant SHANNON nonetheless suspended Plaintiff from work.

21. Additionally, Plaintiff was "written up" for allegedly "swearing." However, this write-up was done out of mere retaliation for Plaintiff exercising his rights under the ADA and PDCRA, as noted below.

## COUNT I: VIOLATIONS OF FEDERAL ADA AND STATE PDCRA

22. Plaintiff adopts and incorporates by reference each of the preceding paragraphs as though stated herein in their entirety.

23. The Americans with Disabilities Act, 42 USC § 1201, et seq., provides for a private cause of action for an employer's employment discrimination based upon a Plaintiff's disability.

24. Defendant SHANNON is a *person* within the meaning of §101(7) of the ADA, and §701 of the Civil Rights Act of 1964, 42 USC 2000e.

25. Defendant GLADWIN meets all of the requirements for *employer* status under the ADA. 42 USC 12111(5)(A).

26. As noted above, Plaintiff took time off of work due to a medical condition. And, when Plaintiff was cleared to return to work, Defendants refused to allow him to return.

27. Defendants did not attempt to accommodate Plaintiff to return to work. They flatly refused to allow him to return to work out of mere retaliation.

28. At all times pertinent hereto, Plaintiff was an individual with a *disability* within the meaning of §3(2) of the ADA, 42 USC 12102(1).

29. Defendants' failure to allow Plaintiff to return to work constitutes discrimination against Plaintiff in respect to the terms, conditions, or privileges of employment, which directly violates the ADA, 42 USC 12112(b)(5)(A).

30. Defendants' conduct noted above was done with malice or reckless indifference to Plaintiff's federally protected rights.

31. Michigan's Civil Rights Act makes it unlawful to discriminate against a qualified individual in the terms and conditions of employment on the basis of disability. MCLA 37.2101, et seq.

32. Plaintiff qualifies as a *person with a disability* as defined by Section 103(d) of the MCRA.

33. Plaintiff's disability and/or genetic information is unrelated to his ability to perform the duties of a particular job, with or without accommodation.

34. Plaintiff has been discriminated against due to his disability and/or genetic information by Defendant taking adverse action against Plaintiff based upon him having a disability as that term is defined in MCL 37.1103(e)(i).

35. As a direct and proximate result of Defendants' unconstitutional and illegal acts, the Plaintiff has suffered the following damage, *inter alia*:

   a. Deprivation of Constitutionally-protected rights.

   b. Loss of reputation.

    c. Emotional distress.

    d. Indignation.

    e. Humiliation and embarrassment.

    f. Lost wages.

    g. Harm to employment standing.

    h. Attorney fees and costs to the extent recoverable.

    i. Punitive and/or exemplary damages.

    j. Such other damages that may be revealed or elucidated by way of discovery.

## COUNT II: FREE SPEECH RETALIATION

36. Plaintiff adopts and incorporates by reference each of the preceding paragraphs as though stated herein in their entirety.

37. As noted above, adverse employment action was taken against Plaintiff for Plaintiff exercising his First Amendment freedom of speech, to wit: Plaintiff was suspended from work due to him having a political sign attached to his vehicle.

38. Defendants' decision to suspend Plaintiff was motivated, at least in part, by Plaintiff exercising his right to freedom of political speech.

39. The right to speak, petition, and assemble, protected by the First Amendment, are applicable against Defendants herein through the Fourteenth Amendment of the United States Constitution through a cause of action for violation of these rights pursuant to 42 USC §1983. See also US Const, Am XIV.

40. Moreover, retaliation for exercising First Amendment rights is a clearly established Constitutional violation. See e.g., *Holzemer v City of Memphis*, 621 F.3d 512, 528 (6th Cir. 2010).

41. Article I, Section 5 of the Constitution of the State of Michigan provides that the Plaintiff has the right to engage in Constitutionally-protected free speech.

42. The Plaintiff's conduct, including the speech therein, described herein constitutes activity protected by the First Amendment's rights to Petition and/or Speech and/or Assemble.

43. The Defendant GLADWIN is responsible and liable for the decision(s) of its City Administrator, Co-Defendant SHANNON, the decision(s) of its City Council, and the decision(s) of any such other employees, agents, or officials of the Defendant GLADWIN when the Defendant suspended Plaintiff from work because the Plaintiff exercised his right to Petition/Speak/Assemble guaranteed to him, and protected by, the First Amendment to the United States Constitution. See e.g., *Pembaur v City of Cincinnati*, 475 US 469, 483; 106 S Ct 1292; 89 L Ed 2d 452 (1986).

44. The Defendants have acted in concert with one another, and aided and abetted one another, in accomplishing the constitutional deprivation pled herein, although the exact nature and extent of the concerted action, well-known to Defendants, is not yet fully known by Plaintiff.

45. As a direct and proximate result of Defendants' unconstitutional and illegal acts, the Plaintiff has suffered the following damage, *inter alia*:

    a. Deprivation of Constitutionally-protected rights.

    b. Loss of reputation.

    c. Emotional distress.

    d. Indignation.

    e. Humiliation and embarrassment.

    f. Lost wages.

    g. Harm to employment standing.

    h. Attorney fees and costs to the extent recoverable.

      i. Punitive and/or exemplary damages.

      j. Such other damages that may be revealed or elucidated by way of discovery.

46. The conduct of the Defendants was reckless and/or deliberately indifferent to Plaintiff's constitutional rights and, as such, subjects them/him to punitive damages which the Plaintiff claims.

47. In engaging in the actions described herein, the Defendants violated the First Amendment to the United States Constitution.

48. In engaging in the actions described herein, the Defendants violated Article I, Sections 3 and 5 of the Constitution of the State of Michigan.

WHEREFORE, Plaintiff respectfully requests that this Honorable Court enter an Order and Judgment in his favor and against Defendants, declaring and adjudicating the following:

    a. DECLARING that Defendants interfered with Plaintiff's rights secured by the United States Constitution and the Constitution of the State of Michigan.

    b. ENJOINING Defendants in reliance on 28 USC §§2201 and 2202 from interfering in any manner with Plaintiff's First Amendment rights (as well as Plaintiff's rights under Article I, Sections 3 and 5 of the Constitution of the State of Michigan), and from basing any adverse action upon Plaintiff's exercise of his First Amendment rights (as well as Plaintiff's rights under Article I, Sections 3 and 5 of the Constitution of the State of Michigan).

    c. Providing an award of compensatory damages in the Plaintiff's favor and against the Defendants in excess of $100,000, the precise amount to be determined by the trier of fact as fair, equitable, and just in accordance with the law.

    d. Providing an award of punitive damages in the Plaintiff's favor and against the Defendants in an amount determined to be fair, equitable, and just in accordance with the law.

    e. Awarding costs of this action, including specifically, but not limited to, actual attorney fees allowed by law, in accordance with the established law under 42 USC §1983 and §1988.

    f. And, any such further relief as the Court deems equitable and just under the circumstances.

[SIGNATURE ON NEXT PAGE]

Respectfully submitted,

Dated: 10/31/24

SMITH BOVILL, P.C.

ERRICK A. MILES (P78757)
*Attorneys for Plaintiff*
200 St. Andrews Road
Saginaw, MI 48638
(989) 792-9641
*emiles@smithbovill.com*

## JURY DEMAND

NOW COMES Plaintiff, JOSEPH W. ZEITZ, by and through his attorneys, SMITH BOVILL, P.C., and hereby demands a trial by jury on all claims triable by a jury.

Respectfully submitted,

Dated: 10/31/24

SMITH BOVILL, P.C.

ERRICK A. MILES (P78757)
*Attorneys for Plaintiff*
200 St. Andrews Road
Saginaw, MI 48638
(989) 792-9641
*emiles@smithbovill.com*

# EXHIBIT A



**U.S. Department of Justice**

Civil Rights Division

---

*Disability Rights Section – 4 Con*
*950 Pennsylvania Ave, NW*
*Washington, DC  20530*

October 4, 2024

**VIA EMAIL:emiles@smithbovill.com**

Joe W. Zeitz c/o
Errick A. Miles, Esq.
Smith Bovill, P.C.
200 St. Andrews Road
Saginaw, MI  48638

Re:   EEOC Charge Against:    City of Gladwin
      EEOC No.:               471-2024-00211

Dear Mr. Zeitz:

### NOTICE OF RIGHT TO SUE WITHIN 90 DAYS

Because you filed the above charge with the Equal Employment Opportunity Commission, and the Commission has determined that it will not be able to investigate and conciliate that charge within 180 days of the date the Commission assumed jurisdiction over the charge, and the Department has determined that it will not file any lawsuit(s) based thereon within that time, and because you or your attorney has specifically requested this Notice, <u>you are hereby notified that you have the right to institute a civil action against the above-named respondent under Title I of the Americans with Disabilities Act of 1990, 42 U.S.C. 12111, et seq.  If you choose to commence a civil action, such suit must be filed in the appropriate court within 90 days of your receipt of this Notice.</u>  This should not be taken to mean that the Department has made a judgment as to whether or not your charge is meritorious.

If you or your attorney has any questions concerning this matter or wish to inspect the investigative file, please address your inquiry to: Detroit Field Office, U.S. Equal Employment Opportunity Commission.

      Enclosed you will find a Notice of Rights under the ADA Amendments Act of 2008 (ADAAA). We are forwarding a copy of this Notice of Right to Sue to the Respondent in this case.

                              Sincerely,
                              Kristen Clarke
                              Assistant Attorney General
                              Civil Rights Division

                     BY: *Celeste A. Adams-Simmons*
                         Celeste A. Adams-Simmons
                         Senior Investigator
                         Disability Rights Section

Enclosures:
      Notice of Rights under the ADAAA

cc:    City of Gladwin
        EEOC- Detroit Field Office

**NOTICE OF RIGHTS UNDER THE ADA AMENDMENTS ACT OF 2008 (ADAAA):** The ADA was amended, effective January 1, 2009, to broaden the definitions of disability to make it easier for individuals to be covered under the ADA/ADAAA. .A disability is still defined as (1) a physical or mental impairment that substantially limits one or more major life activities (actual disability); (2) a record of a substantially limiting impairment; or (3) being regarded as having a disability. *However, these terms are redefined, and it is easier to be covered under the new law.*

<u>If you plan to retain an attorney to assist you with your ADA claim, we recommend that you share this information with your attorney and suggest that he or she consult the amended regulations and appendix, and other ADA related publications, available at http://www.eeoc.gov/laws/types/disability_regulations.cfm.</u>

"Actual" disability or a "record of" a disability (note: if you are pursuing a failure to accommodate claim you must meet the standards for either "actual" or "record of" a disability):
- ➢ **The limitations from the impairment no longer have to be severe or significant** for the impairment to be considered substantially limiting.
- ➢ In addition to activities such as performing manual tasks, walking, seeing, hearing, speaking, breathing, learning, thinking, concentrating, reading, bending, and communicating (more examples at 29 C.F.R. § 1630.2(i)), **"major life activities" now include the operation of major bodily functions,** such as: functions of the immune system, special sense organs and skin; normal cell growth; and digestive, genitourinary, bowel, bladder, neurological, brain, respiratory, circulatory, cardiovascular, endocrine, hemic, lymphatic, musculoskeletal, and reproductive functions; or the operation of an individual organ within a body system.
- ➢ **Only one** major life activity need be substantially limited.
- ➢ With the exception of ordinary eyeglasses or contact lenses, **the beneficial effects of "mitigating measures"** (e.g., hearing aid, prosthesis, medication, therapy, behavioral modifications) **are not considered** in determining if the impairment substantially limits a major life activity.
- ➢ An impairment that is **"episodic"** (e.g., epilepsy, depression, multiple sclerosis) or **"in remission"** (e.g., cancer) is a disability if it **would be substantially limiting when active**.
- ➢ An impairment **may be substantially limiting even though** it lasts or is expected to last **fewer than six months**.

"Regarded as" coverage:
- ➢ An individual can meet the definition of disability if an **employment action was taken because of an actual or perceived impairment** (e.g., refusal to hire, demotion, placement on involuntary leave, termination, exclusion for failure to meet a qualification standard, harassment, or denial of any other term, condition, or privilege of employment).

3

- ➢ "Regarded as" coverage under the ADAAA no longer requires that an impairment be substantially limiting, or that the employer perceives the impairment it to be substantially limiting.
- ➢ The employer has a defense against a "regarded as" claim only when the impairment at issue is objectively *BOTH* transitory (lasting or expected to last six months or less) *AND* minor.
- ➢ A person is not able to bring a failure to accommodate claim *if* the individual is covered only under the "regarded as" definition of "disability."

*Note:   Although the amended ADA states that the definition of disability "shall be construed broadly" and "should not demand extensive analysis," some courts require specificity in the complaint explaining how an impairment substantially limits a major life activity or what facts indicate the challenged employment action was because of the impairment.  Beyond the initial pleading stage, some courts will require specific evidence to establish disability.*  For more information, consult the amended regulations and appendix, as well as explanatory publications, available at http://www.eeoc.gov/laws/types/disability_regulations.cfm.

# EXHIBIT B



# EXHIBIT C

